## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

**TAMMY JORDAN o/b/o JALEAH
JORDAN and KETORAH JORDAN,
Minor Children, ISAIAH JORDAN,
DEBORAH JORDAN, HEZEKIAH
JORDAN, JESSHUA JORDAN,
ISSAC JORDAN and TAMMY
JORDAN, and THE ESTATE OF
KEVIN DORIAN JORDAN,**

     **Plaintiffs,**

**v.**

**ARMOR EXPRESS, CENTRAL
LAKE ARMOR EXPRESS d/b/a
ARMOR EXPRESS, RED THE
UNIFORM TAILOR, INC., DANA
SAFETY SUPPLY, INC. and
JOHN/JANE DOES (1-5),**

     **Defendants.**

**CIVIL ACTION
FILE NO. 3:16-cv-00109-TCB**

## DEFENDANT DANA SAFETY SUPPLY, INC.'S ANSWER
## TO PLAINTIFFS' INITIAL COMPLAINT FOR DAMAGES

COMES NOW Dana Safety Supply, Inc., one of the named defendants in the above-captioned matter, (hereinafter "Defendant"), and files its Answer to Plaintiffs' Initial Complaint for Damages, showing the Court as follows:

11370978

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails in some counts to state a claim against the Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

No act or omission on the part of Defendant either caused or contributed to whatever injury or damage Plaintiffs may have sustained.

## THIRD AFFIRMATIVE DEFENSE

Defendant reserves its right to assert that the sole proximate cause of Plaintiffs' damages was the negligence of Kevin Dorian Jordan himself.

## FOURTH AFFIRMATIVE DEFENSE

Defendant reserves its right to assert that the negligence of Kevin Dorian Jordan contributed proximately to his injuries and death as he was not exercising ordinary care for his own safety at the time it is claimed he was injured and killed.

## FIFTH AFFIRMATIVE DEFENSE

No alleged act or omission on the part of this Defendant gives rise to an award of punitive damages.  Defendant further denies any and all alleged acts or omissions made by Plaintiffs in this Complaint.

11370978

In answer to the numbered Paragraphs of Plaintiffs' Complaint for Damages:

## **PARTIES, VENUE & JURISDICTION**

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint, and hence, can neither admit nor deny the same.   To the extent an answer is deemed required, the allegations in this paragraph are denied.

2.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint, and hence, can neither admit nor deny the same.   To the extent an answer is deemed required, the allegations in this paragraph are denied.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Complaint, and hence, can neither admit nor deny the same.   To the extent an answer is deemed required, the allegations in this paragraph are denied.

11370978

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' Complaint, and hence, can neither admit nor deny the same.  To the extent an answer is deemed required, the allegations in this paragraph are denied.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiffs' Complaint, and hence, can neither admit nor deny the same.  To the extent an answer is deemed required, the allegations in this paragraph are denied.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiffs' Complaint, and hence, can neither admit nor deny the same.  To the extent an answer is deemed required, the allegations in this paragraph are denied.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint, and hence, can neither admit nor deny the same.  To the extent an answer is deemed required, the allegations in this paragraph are denied.

11370978

8.

Defendant admits that it is a foreign for-profit limited corporate entity that engages in business within the State of Georgia.   Defendant denies that it specifically engages in business in Spalding County, Georgia.   Defendant further denies that it manufactures various armored equipment that is provided to police officers including body armor, including but not limited to armored vests. Defendant denies the claim in this Paragraph related to vendors.   Defendant admits the remaining allegations in Paragraph 8 of Plaintiffs' Complaint.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint, and hence, can neither admit nor deny the same.   To the extent an answer is deemed required, the allegations in this paragraph are denied.

10.

Defendant admits on information and belief the allegations contained in Paragraph 10 of Plaintiffs' Complaint; however, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that states "Plaintiffs show that Kevin Dorian Jordan was utilizing Defendants' armored vest at the time of his death".

11370978

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint, and hence, can neither admit nor deny the same.  To the extent an answer is deemed required, the allegations in this paragraph are denied.

12.

Defendant admits the allegations contained in Paragraph 12 of Plaintiffs' Complaint as to this Defendant.

## STATEMENT OF FACTS

13.

Defendant reasserts its answers to Paragraphs 1 through 12 of its Answer as if set forth herein.

14.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Complaint, and hence, can neither admit nor deny the same.  To the extent an answer is deemed required, the allegations in this paragraph are denied.

15.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint,

11370978

and hence, can neither admit nor deny the same.  To the extent an answer is deemed required, the allegations in this paragraph are denied.

16.

Defendant denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint that this Defendant manufactured or designed armored vests. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiffs' Complaint, and hence, can neither admit nor deny the same.  To the extent an answer is deemed required, the allegations in this paragraph are denied.

17.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiffs' Complaint, and hence, can neither admit nor deny the same.  To the extent an answer is deemed required, the allegations in this paragraph are denied.

**COUNT ONE - WRONGFUL DEATH - AGAINST ALL DEFENDANTS**

18.

Defendant reasserts its answers to Paragraphs 1 through 17 of its Answer as if set forth herein.

7

11370978

19.

Defendant denies the first sentence of this Paragraph as stated.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that states "Plaintiffs show that the armored vest specifically physically covered the areas of the back of Kevin Dorian Jordan at which he was shot by Michael D. Bowman.  The remaining allegations in Paragraph 19 are denied.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.

Defendant admits that Plaintiffs seek the compensation stated but denies any and all liability to Plaintiffs.

22.

Defendant admits that Plaintiff Tammy Jordan seeks the compensation stated but denies any and all liability to Plaintiffs.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

11370978

## COUNT TWO - NEGLIGENCE AGAINST ALL DEFENDANTS

24.

Defendant reasserts its answers to Paragraphs 1 through 23 of its Answer as if set forth herein.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiffs' Complaint, and hence, can neither admit nor deny the same.  To the extent an answer is deemed required, the allegations in this paragraph are denied.

27.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiffs' Complaint, and hence, can neither admit nor deny the same.  To the extent an answer is deemed required, the allegations in this paragraph are denied.

28.

Defendant denies that the armored vest was designed and manufactured by this Defendant.  Defendant is without knowledge or information sufficient to form

11370978

a belief as to the truth of the remaining allegations contained in Paragraph 28 of Plaintiffs' Complaint, and hence, can neither admit nor deny the same.  To the extent an answer is deemed required, the allegations in this paragraph are denied.

29.

Defendant denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.

Defendant denies all the allegations (a, b, c & d) contained in Paragraph 30 of Plaintiffs' Complaint.

31.

Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.

Defendant denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.

Defendant denies the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

11370978

34.

Defendant denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

## COUNT THREE - STRICT LIABILITY
## AS TO DEFECTIVE ARMORED VEST

35.

Defendant reasserts its answers to Paragraphs 1 through 34 of its Answer as if set forth herein.

36.

Defendant admits the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37.

Defendant denies the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38.

Defendant denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.

Defendant denies the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

11370978

40.

Defendant denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.

Defendant denies the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

## COUNT FOUR - BREACH OF WARRANTY

42.

Defendant reasserts its answers to Paragraphs 1 through 41 of its Answer as if set forth herein.

43.

Defendant denies the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44.

Defendant denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45.

Defendant denies the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

11370978

46.

Defendant denies the allegations contained in Paragraph 46 of Plaintiffs'
Complaint.

47.

Defendant denies the allegations contained in Paragraph 47 of Plaintiffs'
Complaint.

48.

Defendant denies the allegations contained in Paragraph 48 of Plaintiffs'
Complaint.

## COUNT FIVE - JOINT AND SEVERAL LIABILITY AS TO DEFENDANTS

49.

Defendant reasserts its answers to Paragraphs 1 through 48 of its Answer as
if set forth herein.

50.

Defendant denies the allegations contained in Paragraph 50 of Plaintiffs'
Complaint.

51.

Defendant denies the allegations contained in Paragraph 51 of Plaintiffs'
Complaint.

11370978

52.

Defendant denies the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53.

Defendant denies the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54.

Defendant denies the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55.

Defendant denies the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

## COUNT SIX - NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (AGAINST ALL DEFENDANTS)

56.

Defendant reasserts its answers to Paragraphs 1 through 55 of its Answer as if set forth herein.

57.

Defendant denies the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

11370978

58.

Defendant denies the allegations contained in Paragraph 58 of Plaintiffs'
Complaint.

59.

Defendant denies the allegations contained in Paragraph 59 of Plaintiffs'
Complaint.

60.

Defendant denies the allegations contained in Paragraph 60 of Plaintiffs'
Complaint.

## COUNT SEVEN -
## LOSS OF CONSORTIUM - AGAINST ALL DEFENDANTS

61.

Defendant reasserts its answers to Paragraphs 1 through 60 of its Answer as
if set forth herein.

62.

Defendant denies the allegations contained in Paragraph 62 of Plaintiffs'
Complaint.

63.

Defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations contained in Paragraph 63 of Plaintiffs' Complaint,

11370978

and hence, can neither admit nor deny the same.  To the extent an answer is deemed required, the allegations in this paragraph are denied.

64.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of Plaintiffs' Complaint, and hence, can neither admit nor deny the same.  To the extent an answer is deemed required, the allegations in this paragraph are denied.

## **COUNT SEVEN (SIC) - STATE LAW ATTORNEY'S FEES**

65.

Defendant reasserts its answers to Paragraphs 1 through 64 of its Answer as if set forth herein.

66.

Defendant denies the allegations contained in Paragraph 66 of Plaintiffs' Complaint.

67.

Defendant denies the allegations contained in Paragraph 67 of Plaintiffs' Complaint.

68.

Defendant denies the allegations contained in Paragraph 68 of Plaintiffs' Complaint.

16

11370978

## COUNT EIGHT - PUNITIVE DAMAGES UNDER STATE LAW

69.

Defendant reasserts its answers to Paragraphs 1 through 68 of its Answer as if set forth herein.

70.

Defendant admits the allegations contained in Paragraph 70 of Plaintiffs' Complaint.

71.

Defendant denies the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72.

Defendant denies the allegations contained in Paragraph 72 of Plaintiffs' Complaint.

Defendant denies each and every allegation contained in the "Wherefore" clause of Plaintiffs' Complaint and denies that Plaintiffs are entitled to any of the relief requested therein.

Each and every other allegation not specifically admitted or responded to herein stands denied.

17

11370978

WHEREFORE, Defendant Dana Safety Supply, Inc. respectfully demands judgment in its favor, a trial by jury, all costs and attorney's fees for defending the action, and such other and further relief as the Court deems just and proper.

This 8th day of July, 2016.

HAWKINS PARNELL
THACKSTON & YOUNG LLP

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia  30308-3243
(404) 614-7400
(404) 614-7500 (facsimile)
wfox@hptylaw.com
skeith@hptylaw.com

/ s / *Warner S. Fox*
_____
Warner S. Fox
Georgia Bar No. 272654
C. Shane Keith
Georgia Bar No. 411317
*Counsel for Defendant Dana Safety Supply, Inc.*

18

11370978

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### NEWNAN DIVISION

**TAMMY JORDAN o/b/o JALEAH JORDAN and KETORAH JORDAN, Minor Children, ISAIAH JORDAN, DEBORAH JORDAN, HEZEKIAH JORDAN, JESSHUA JORDAN, ISSAC JORDAN and TAMMY JORDAN, and THE ESTATE OF KEVIN DORIAN JORDAN,**

      **Plaintiffs,**

**v.**

**ARMOR EXPRESS, CENTRAL LAKE ARMOR EXPRESS d/b/a ARMOR EXPRESS, RED THE UNIFORM TAILOR, INC., DANA SAFETY SUPPLY, INC. and JOHN/JANE DOES (1-5),**

      **Defendants.**

**CIVIL ACTION FILE NO. 3:16-cv-00109-TCB**

## CERTIFICATE OF SERVICE

This is to certify that I have this date caused to be served upon counsel for Plaintiff a true and correct copy of the foregoing **DEFENDANT DANA SAFETY SUPPLY, INC.'S ANSWER TO PLAINTIFFS' INITIAL COMPLAINT FOR DAMAGES** via the Court's electronic filing system (CM/ECF system) which will automatically send email notification of such filing to the following attorneys of

record and by depositing same in the United States Mail in an envelope with

sufficient postage affixed thereto to ensure delivery and addressed to:

Anitra R. Price, Esq.
ANITRA R. PRICE, P.C.
101 Devant Street
Suite 405
Fayetteville, Georgia  30214
*Counsel for Plaintiff*

John Dixon, Esq.
Dennis, Corry, Porter & Smith, L.L.P.
3535 Piedmont Road, N.E.
14 Piedmont Center, Suite 900
Atlanta, Georgia  30305
*Counsel for Defendants Central Lake Armor*
*Express d/b/a Armor Express, Armor Express*

H. Clifton Cobb, Esq.
Law Offices of Kelly M. Clark
Employees of The Hartford Financial
      Services Group, Inc.
50 Glenlake Parkway N.E., Suite 301
Atlanta, Georgia  30328-3489
*Counsel for Defendant Red the Uniform Tailor, Inc.*

      This 8th day of July, 2016.

HAWKINS PARNELL
THACKSTON & YOUNG LLP

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia  30308-3243
(404) 614-7400
(404) 614-7500 (facsimile)
wfox@hptylaw.com

/ s / *Warner S. Fox*
Warner S. Fox
Georgia Bar No. 272654
*Counsel for Defendant Dana Safety Supply, Inc.*

11370978